LYMAN B. STOWE, as Executor of BERNICE M. MARQUIS, Deceased, Respondent, *v.* MAE S. CROY, Appellant.

First Department, May 25, 1954.

*Morton L. Leavy* of counsel (*Edward E. Colton,* attorney), for appellant.

*Harold d'O. Baker* for respondent.

*Per Curiam.* Plaintiff and defendant moved for summary judgment. Special Term granted both motions to the extent of dismissing the complaint and the counterclaim, without prejudice to any action the parties may be advised to prosecute in the Federal courts. This disposition followed a holding that the contract in suit was terminated by reason of the registration of claims to copyrights in certain literary works. The motion should have been decided on the merits.

Plaintiff is an executor whose testatrix had succeeded, by gift and inheritance, to all rights in the literary work of the late Don Marquis, an author, and creator of the fictional characters " Archy and Mehitabel ". Testatrix had entered into a written agreement with defendant, a professional writer, relative to the exploitation by them of the characters created by Don Marquis.

This action is for a declaratory judgment that plaintiff, as successor to the rights of testatrix, is the sole owner of the fictional characters created by Don Marquis, and that defendant has no right or title either in the characters or in any literary material using them. Defendant counterclaimed for a declaratory judgment that she is joint owner with plaintiff of a certain stage and screen play written by defendant and plaintiff's testatrix in collaboration pursuant to the contract.

The agreement was drawn without the assistance of lawyers. It recited that testatrix was the sole owner of the works of her late brother dealing with the characters " Archy and Mehitabel ", and that for the purpose of working these characters into saleable form for disposal as a stage and screen play she has enlisted the services of defendant. The latter was given " full power of attorney " in connection with the sale of the work. Defendant was to receive one half of any proceeds derived from the sale of such a play, and there was further provision that in the event testatrix predeceased defendant, then the latter was to continue with the adaptation of the work and with its sale.

The complaint alleges, and it is not disputed, that the parties to the agreement wrote a script. It further alleges that plaintiff has received an offer for the " literary rights " of Don Marquis, but that the prospective purchaser deems the contract between defendant and testatrix a cloud on plaintiff's title to such literary property, and is unwilling to make the purchase until the rights of the defendant in the fictional characters created by the late author are determined.

The answer and counterclaim allege that testatrix and defendant wrote together a dramatic play in several versions, including a screen scenario, using the characters, and that these plays had been copyrighted in the joint names of testatrix and defendant. Thus, defendant claims rights under the contract, and alleges that she now desires to rewrite the plays, and to seek their production or sale.

As in *Underhill* v. *Schenck* (238 N. Y. 7, 13-15), " The fact of copyright * * * does indeed creep out * * * but only incidentally and casually. What the plaintiff [defendant here] complains of * * * is the breach of a duty attaching by implication of law to a fiduciary relation which has its origin in contract. * * * This duty is quite apart from the duty of reparation that rests upon the infringer of a copyright. It would exist though no copyright law had ever been enacted.

It has its origin, not in a right of property, but in a contract or relation. The author who suffers infringement of his copyright at the hands of a licensee, may count upon the infringement as a tort, and seek redress under the statute by action in federal courts. But that is not in all circumstances the only remedy available. If the same act is not merely an invasion of the statutory right of property, but is also the breach of a contract or the abuse of a relation, he may count upon the breach or the abuse, and have relief accordingly. When this is the ground of action, the courts of the state are not shorn of their competence [citing cases]. All depends upon the nature of the right to be enforced or the wrong to be redressed.''

Thus, although copyrights were registered to the literary works which were the subject matter of the contract, the rights in suit are those which arise under the contract, and no question of copyright infringement is involved. The registration of the copyrights is material only to the extent that it evidences, as a matter of practical construction, the intention of the parties, explicit in the agreement itself, that each have an equal interest in the stage or screen play to be written by them in collaboration.

Defendant is entitled to summary judgment declaring her to be the joint owner with plaintiff of the plays on which she worked, with the right to make such insubstantial changes therein, with the consent of plaintiff, as may be appropriate. Defendant has the right to arrange for sale of the plays, for although the contract gave her a '' power of attorney '' (a power normally extinguished by the death of the grantor), it also provided that defendant's right to sell the work shall continue in the event testatrix predeceased her.

Plaintiff, on the other hand, is entitled to declaratory judgment to the extent that, with the exception of the plays, and such reasonable and insubstantial changes as might be made in them from time to time, plaintiff is the exclusive owner of the works and literary characters created by Don Marquis.

The judgment appealed from should be modified in accordance with the foregoing, without costs to either party. Settle order.

COHN, J. P., BREITEL, BASTOW, BOTEIN and BERGAN, JJ., concur.

Judgment unanimously modified in accordance with · the opinion herein and, as so modified, affirmed, without costs to either party. Settle order on notice.