Henry J. Latham, J.
The defendants in this action move to stay it upon the ground that a patent infringement action between the same parties and involving the same product is pending in the United States District Court for the Eastern District of New York, and that the subject matter of this action has been covered by patents and copyrights. The defendants also move for summary judgment dismissing the complaint upon the ground that by securing patent and copyright protection the plaintiffs are barred from obtaining any relief based upon alleged common-law unfair competition.
The instant action was commenced in May, 1960 and a temporary injunction was granted in. August, 1960. The action was placed upon the calendar and is about to be reached for trial. The action here is at common .law for unfair competition based upon the alleged marketing by defendants of a copy of plaintiff’s original product “ monkey stix”, a toy for young children, together with the alleged adaptation of the defendants of the trade name to ‘ ‘ monkie-sticks ’ ’ and for simulation of plaintiff’s diagrams, figures and legends on its packaging suggestive of the use to which the toy may be put.
The Federal action was commenced in November, 1960. In their answer the defendants asserted a counterclaim for judgment declaring that there was no common-law unfair competition as claimed by the plaintiff in the instant action. The plaintiff moved, in the Federal action, to dismiss the counterclaim because of lack of jurisdiction over the subject matter and failure to state a claim for relief; for summary judgment dismissing the counterclaim because of lack of a justiciable controversy between the parties; to vacate a notice by the defendants to take the deposition of the plaintiff; and to stay all proceedings on the counterclaim pending determination of *194 the State court action between the same parties. By an order dated March 22, 1961, plaintiff’s motion was granted to the extent of modifying the notice to take depositions and staying the proceedings on the counterclaim pending the determination of the State court action between the same parties.
The disposition of both branches of the defendants’ motion turns upon whether, as claimed by the movants, the subject matter involved in this action has copyright protection. There is no question that the State court has no jurisdiction if the main purpose of the action, whatever its form, is to establish a patent, or to enjoin its infringement or to recover damages therefor. (Wittemann Bros. v. Whittemann Co., 88 Misc. 266, affd. 168 App. Div. 930.) The same rule applies where the subject matter of the action is protected by copyright. There, too, the sole remedy is in the Federal courts for the infringement of the owner’s rights under the copyright. (Cohan, v. Robbins Music Corp., 244 App. Div. 697.)
Reference is made in the moving papers to two copyright numbers, each dated April 7, 1960, found upon a search in the copyright office on December 9,1960, which are claimed to cover the subject matter involved in the instant action. It is stated, on behalf of the plaintiff, that there is no copyright claim in this case nor copyright on the subject product involved. It takes the position similar to that upon which the stay was granted in the Federal court, that subsequent to the defendants ’ alleged copying of plaintiff’s original wrappers, folders and advertisements plaintiff put out a new package with respect to certain design elements of which it obtained copyright protection. However, it does not charge in this action that the defendants infringed upon any copyright on such new package design elements.
Whether the copyrights thus obtained by the plaintiff cover the subject matter of the action in this court cannot be determined summarily upon affidavits alone. The resolution of the issue of fact with respect to that question must await the trial. The motion is, accordingly, denied in all respects.