**KORATRON COMPANY, Inc., a corporation, Plaintiff-Appellee,**

v.

**DEERING MILLIKEN, INC., a corporation, Defendant-Appellant.**

No. 23169.

United States Court of Appeals
Ninth Circuit.

Nov. 5, 1969.

Jay H. Topkis (argued), of Paul, Weiss, Goldberg, Rifkind, Wharton & Garrison, New York City, Morrison, Foerster, Holloway, Clinton & Clark, San Francisco, Cal., for appellant.

Moses Lasky (argued), of Brobeck, Phleger & Harrison, San Francisco, Cal., Lyon & Lyon, Los Angeles, Cal., for appellee.

Before HAMLIN, ELY and HUFSTEDLER, Circuit Judges.

HUFSTEDLER, Circuit Judge:

Pursuant to leave granted by this court (28 U.S.C. § 1292(b)), appellant Deering Milliken, Inc. ("Milliken"), appeals from an interlocutory order of the District Court for the Northern District of California denying Milliken's motions to dismiss, to transfer, or to stay the action filed against it by Koratron Company, Inc. ("Koratron").

Milliken contends that venue was improperly laid because the gravamen of Koratron's action is patent infringement for which an action may be brought only "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business" 28 U.S.C. § 1400(b)) and that the Northern District of California, in which the suit was brought, is not such a district. Koratron replies that its suit is not one for patent infringement, or even an action arising under the patent laws; rather, it is an action founded on a common law tort, and federal jurisdiction rests solely upon diversity of citizenship. Alternatively, Koratron argues that even if the suit is for patent infringement, the record supports the laying of venue in the Northern District of California.

Koratron holds two process patents dealing with the manufacture of permanent press garments. It has licensed some 200 garment makers to practice the patents upon payment of royalties. Milliken manufactures fabrics ("Visa," "Milstar," and "Milliset"), which are sold to garment makers who, in turn, may use the fabrics to make permanent press garments.

In its original complaint, Koratron alleged the following controversy between it and Milliken: Milliken claims that by using its Visa, Milstar, and Milliset fabrics a garment manufacturer can in all other respects follow one of the Koratron process patents without falling within the scope of that patent, which claim Koratron denies; Milliken threatens to tell Koratron's licensees that they can avoid paying royalties to Koratron by using Milliken's fabrics, unless Koratron acknowledges in writing that the use of Milliken's fabrics is outside the scope of the patent; Milliken had already advised one or more of Koratron's licensees to that effect; and Milliken's purpose in these actions was to induce the licensees not to pay royalties to Koratron. Koratron prayed for judgment declaring, *inter alia*, that the scope of its patent includes the making of garments from the described Milliken fabrics, that Milliken be enjoined from asserting to the contrary, and that it be awarded compensatory damages for its loss of royalties and $5,000,000 punitive damages.

Thereafter Koratron filed an amendment to its complaint to include an after-acquired improvement patent and to add averments that Milliken also claims "that *non*-licensees of Koratron will escape being guilty of infringement of the patent by using Visa, Milstar or Milliset." (Emphasis added.)

Milliken moved (1) to dismiss the action, (2) to stay it pending adjudication of an action filed in the Southern District of New York by Milliken against Koratron to declare Koratron's patents invalid or, alternatively, not infringed, or (3) to transfer it to the Southern District of New York. Milliken's suit against Koratron was filed one day after Koratron filed this action against Milliken. After the District Court entered its order denying Milliken's motion, Milliken abandoned that part of its motion seeking a dismissal in order to preserve the discovery thus far completed. The New York action has been stayed pending disposition of this appeal.

The central issue is the proper characterization of Koratron's complaint. If it is a "civil action for patent infringement" the narrow venue provisions of section 1400(b) apply; if, on the other

hand, the action is either a common law tort claim, triable in the federal courts solely by reason of diversity, or a patent suit, other than an action for infringement, the parties agree that venue is proper in the Northern District of California under the more liberal provisions of section 1391(c). Koratron asserts that its complaint states a good cause of action under California law for interference with contract and for interference with prospective economic advantage. (E.g., Collins v. Vickter Manor, Inc. (1957) 47 Cal.2d 875, 306 P.2d 783; Uptown Enterprises v. Strand (1961) 195 Cal.App.2d 45, 15 Cal.Rptr. 486.) Milliken argues, however, that the substance of Koratron's complaint is contributory infringement under 35 U.S.C. § 271(b): "Whoever actively induces infringement of a patent shall be liable as an infringer." Since the substance and not the form of the complaint is controlling, Milliken argues, the suit should be construed as one for patent infringement.

The appeal presents a novel issue, for the parties have cited no case, and we have found none, in which a patent holder has attempted to avoid the venue provisions of section 1400(b) by waiving its action for contributory infringement and proceeding solely under an interference theory.

Judge Kaufman faced a similar problem in Bradford Novelty Co. v. Manheim (S.D.N.Y.1957) 156 F.Supp. 489, but there the plaintiff had pleaded both an infringement action and a common law action for unfair competition. Defendant moved to dismiss for lack of venue and established that the provisions of section 1400(b) were not met. Plaintiff contended, however, that "its action against Eppy for unfair competition is independently founded on diversity of citizenship and is, therefore, properly brought in this district, § 1400 being inapplicable to common law actions for unfair competition." Because venue was proper for one of the causes of action, plaintiff argued, the court can properly

hear the related claim of infringement. Judge Kaufman was not convinced:

"[T]he gravamen of the present complaint is patent infringement; unfair competition, if a separate cause of action at all, being a subsidiary issue dependent on the prior determination of the action for patent infringement. The Supreme Court has gone so far as to conclude that claims of infringement and unfair competition are not separate causes of action at all but are different grounds asserted in support of the same action. Hurn v. Oursler, 1933, 289 U.S. 238, 247, 53 S.Ct. 586, 77 L.Ed. 1148. Since unfair competition can almost always be charged in a patent infringement action, if plaintiff were to prevail in its argument, it would be a simple matter of pleading for a party to evade the venue limitation imposed by § 1400." (156 F. Supp. at 492.)

Just as unfair competition can almost always be charged in a patent infringement action, so too can interference almost always be charged in a contributory infringement action. Because Koratron would have to prove the basic elements of a contributory infringement claim in order to succeed in its tort claim, it must realistically be admitted that the gravamen of the complaint is contributory infringement. The only real difference between the instant case and Bradford Novelty is that Koratron has gone one step further than did the plaintiff in Bradford by omitting altogether the infringement action from its complaint. Although this is "a simple matter of pleading," we hold that it is sufficient to make section 1400 inapplicable.

Our conclusion is compelled by a line of Supreme Court cases beginning in 1850 with the decision of Wilson v. Sandford, 51 U.S. (10 How.) 99, 13 L.Ed. 344 and culminating in 1926 with Luckett v. Delpark, Inc., 270 U.S. 496, 46 S.Ct. 397, 70 L.Ed. 703. In each of the cases in the line, the central question was jurisdictional: Was the action one "arising under" the patent laws and thus triable

exclusively in the federal courts under the statutory predecessor to 28 U.S.C. § 1338(a).[1] The Court consistently said "No," despite the fact that in each instance the scope or the validity of a patent, or both, was directly in issue. According to these decisions, characterization of the action as a patent or nonpatent suit within the meaning of section 1338 (a) turns on the form in which the plaintiff has chosen to cast his complaint: "[T]he plaintiff is absolute master of what jurisdiction he will appeal to; * *. Jurisdiction generally depends upon the case made and relief demanded by the plaintiff; * * *." (Healy v. Sea Gull Specialty Co. (1915) 237 U.S. 479, 480, 35 S.Ct. 658, 659, 59 L.Ed. 1056; see also The Fair v. Kohler Die & Specialty Co. (1913) 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716.)

The plaintiffs in *Luckett* and *Wilson*, although adding infringement counts, chose to frame their actions as ones in contract and to seek contract relief primarily. In American Well Works Co. v. Layne & Bowler Co. (1916) 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987, the action sounded in tort, although plaintiff could just as easily have sued for infringement. The plaintiff initiated the action in state court, charging that it had a valid patent on a certain pump, that defendants asserted that plaintiff's patent infringed defendants' pump patent, and that defendants were suing and threatening to sue plaintiff's licensees for infringement. Defendants removed the case to federal court as an action arising under the patent laws. The Supreme Court reversed, holding that the case did not arise under the patent laws. "Of course," said the Court, "the question depends upon plaintiff's declaration." (241 U.S. at 258, 36 S.Ct. 585.) The Court later observed:

"What makes the defendants' act a wrong is its manifest tendency to injure the plaintiff's business; and the wrong is the same whatever the means by which it is accomplished. But whether it is wrong or not depends upon the law of the state where the act is done, not upon the patent law, and therefore the suit arises under the law of the state. A suit arises under the law that creates the cause of action. The fact that the justification may involve the validity and infringement of a patent is no more material to the question under what law the suit is brought than it would be in an action of contract." (241 U.S. at 260, 36 S.Ct. at 586.)

Interference with contract and interference with prospective economic advantage are state causes of action. When the subject matter of the contract interfered with is a patent or the prospective economic advantage relates to a patent, questions of patent law will often arise in the controversy. But that fact does not make the action one arising under the patent laws. (*See also* Pratt v. Paris Gas Light & Coke Co. (1897) 168 U.S. 255, 259, 18 S.Ct. 62, 42 L.Ed. 458; Lear Siegler, Inc. v. Adkins (9th Cir. 1964) 330 F.2d 595, 600.)

Koratron intended to plead its case as a common law action. It strained out all patent infringement language from its pleading. It did not seek treble damages and attorneys' fees available in a patent infringement suit; it sought compensatory and lump sum punitive damages appropriate to a common law claim. The complaint, as amended, stated a cause of action for common law relief.[2] The facts stated also would have sustained a claim for patent infringement had Koratron elected that remedy, but it did not do so, and it cannot be compelled to

---

1. Section 1338(a): "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, copyrights and trade-marks. Such jurisdiction shall be exclusive of the courts of the states in patent and copyright cases."

2. The factual allegations may be similar to those in Geneva Furniture Mfg. Co. v. S. Karpen & Bros. (1915) 238 U.S. 254, 35 S.Ct. 788, 59 L.Ed. 1295, but there the plaintiff specifically alleged that the suit was one arising under the patent laws.

**1318**

do so. (*See* Henry v. A. B. Dick Co. (1912) 224 U.S. 1, 15, 32 S.Ct. 364, 56 L.Ed. 645.) [3]

Milliken suggests that Koratron did not have an election of remedies because the subject matter has been substantively preempted by federal patent law, citing by way of assumed analogy Sears, Roebuck & Co. v. Stiffel Co. (1964) 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 and Compco Corp. v. Day-Brite Lighting, Inc. (1964) 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669. The analogy is inappropriate. *Sears* and *Compco* are not characterization cases, neither purports to invalidate state law that is not inconsistent with substantive federal law (*cf.* Cable Vision, Inc. v. KUTV, Inc. (9th Cir. 1964) 335 F.2d 348, cert. denied sub nom. Klix Corp. v. Cable Vision, Inc. (1965) 379 U.S. 989, 85 S.Ct. 700, 13 L.Ed.2d 609), and neither case concerns the choice of forum here involved.

■ We hold that Koratron's action does not arise under the patent laws and *a fortiori* it is not a patent infringement suit subject to the narrow venue provisions of section 1400(b).[4]

The Supreme Court's decisions in Schnell v. Peter Eckrich & Sons, Inc. (1961) 365 U.S. 260, 81 S.Ct. 557, 5 L. Ed.2d 546; Fourco Glass Co. v. Transmirra Prods. Corp. (1957) 353 U.S. 222, and Stonite Prods. Co. v. Melvin Lloyd Co. (1942) 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026 do not support a contrary result. In each of those cases the claim for relief pleaded was patent infringement, and in each, the Court held that the narrow venue provisions of section 1400 (b), or its predecessor statute, applied to the exclusion of the general venue statute. An integral part of the Court's rationale in those cases is that section 1400 (b) expresses a federal policy limiting venue in patent infringement cases to prevent infringers from being subjected to suit in districts where the defense of the action would entail an unnecessarily oppressive burden. However strong that policy may be once the action has been characterized as an infringement action, the Court has never applied it to limit the manner in which a plaintiff can plead his cause. The Court's reading of section 1400(b) cannot be wholly reconciled with its reading of the "arising under" clause of section 1338(a) for the effect of the latter often, although not always, is to broaden the number of districts to which a plaintiff has initial access. But so long as the Supreme Court distinguishes the two situations, we are obliged to follow that bifocal vision.

The order denying Milliken's motion is affirmed, and the cause is remanded to the District Court for further proceedings.

3. The antitrust law made in *Henry* is no longer followed, but its discussion of the jurisdictional question is still good law, as illustrated by its citation in Pan American Petroleum Corp. v. Superior Court (1961) 366 U.S. 656, 663, 81 S.Ct. 1303, 6 L.Ed.2d 584.

4. "The phrase 'civil action for patent infringement,' appearing in * * * § 1400(b), is clear and explicit; hence, it must be given its literal meaning. That phrase is not to be equated with such language as 'civil action involving patent infringement' or 'civil action relating to patent infringement' or 'civil action arising under any Act of Congress relating to patents.'

"The phrase 'civil action for patent infringement,' appearing in * * * § 1400(b), applies only and specially to the specific species of patent litigation known as a patent infringement action. * * * That phrase does not apply to other classes of actions whose subject-matter may nevertheless involve or relate to patents." De Luxe Game Corp. v. Wonder Prods. Co. (S.D.N.Y.1957) 157 F.Supp. 696, 699–700.