Chief Judge Fuld.
Harley Patents (International) Ltd. (hereinafter referred to as British Harley) owned certain patents covering an automobile seat belt buckle. In 1958, it granted American Harley Corp. an exclusive license to manufacture and sell that buckle in the United States and Canada. It had previously granted similar rights to the buckle to a European subsidiary of Irvin Industries, Inc., for England and Europe but not for the United States.
In 1959, owing to its success in Europe, Irvin gave thought to expanding its market to include the United States. It commenced negotiations with American Harley but, when those negotiations failed, approached British Harley directly. Believing that the latter might withdraw American Harley’s license and grant the license to it, Irvin proceeded to invest considerable money in preparation for marketing the buckle in this country. *171 However, after British Harley ultimately decided that the American company should retain its license, Irvin prevailed upon the former — and this is the heart of the complaint in the present case — to grant it permission to sell 50,000 of the patented buckles in the United States, in order to allow it to recoup part of its investment, notwithstanding American Harley’s prior exclusive license.
The complaint in this action by American Harley and its president against Irvin and its president charged wrongful interference with the plaintiff’s exclusive license agreement with British Harley, slander of title and unfair competition. In their answer, the defendants denied the charges but did not challenge or question the validity of the patents involved in American Harley’s agreement with British Harley. The trial court dismissed the causes of action by and against the presidents of the respective companies as well as the cause of action for slander of title. The jury returned a verdict in favor of American Harley on the remaining counts, and the Appellate Division — one justice dissenting — affirmed the resulting judgment of some $88,989.
On this appeal, the defendant-appellant Irvin attacks the jurisdiction of the New York courts to entertain this action. It contends that the suit, however disguised, is really one for patent infringement and, as such, is within the exclusive jurisdiction of the Federal courts. More particularly, Irvin claims that the plaintiff sued in tort in the State court in order “ to avoid the necessity” of meeting the defense of patent invalidity — under Sears, Roebuck & Co. v. Stiff el Co. (376 U. S. 225) and Compco Corp. v. Day-Brite Lighting (376 U. S. 234) —which, it asserts, may only be raised in the Federal courts.[1]
This argument misconceives the law, since neither the plain *172 tiff’s reliance on a patent license agreement nor the purported existence of a defense based on the patent’s invalidity affects the court’s jurisdiction. It is firmly settled that the Federal courts have exclusive jurisdiction, and the State courts are ousted of jurisdiction, only if the action brought “ arises under ” the Federal patent latos. Thus, actions involving contracts relating to patents — or copyrights[2]—are not considered suits arising under those laws, and are properly brought in the State court, even if the validity of the patent may somehow be involved and the plaintiff could have brought suit for its infringement in the Federal court. In other words, the fact that the foundation for suit is a contract granting patent rights and that the plaintiff must rely on the patent in support of his cause of action is not determinative and neither vests the Federal court with jurisdiction nor deprives the State court of power to entertain the action. (See, e.g., Luckett v. Delpark, 270 U. S. 496, 502; American Well Works v. Layne, 241 U. S. 257, 260; Koratron Co. v. Deering Milliken, Inc., 418 F. 2d 1314, 1316, cert. den. 398 U. S. 909; Harms Co. v. Eliscu, 339 F. 2d 823, 825; Condon v. Associated Hosp. Serv., 287 N. Y. 411, 413-414; New Era Elec. Range Co. v. Serrell, 252 N. Y. 107, 112-113; Underhill v. Schenck, 238 N. Y. 14; Stowe v. Croy, 284 App. Div. 302, 304-305; see, also, Ann., 167 A. L. R. 1114.)
The rule is well exemplified by the decision in the American Well Works case (241 U. S. 257, supra), which concerned a claim of unfair competition based upon alleged false charges of patent infringement. In holding that the action was properly brought in the State court, despite the fact that the validity of the patent may have been “involved” in a defense of justification, the Supreme Court (per Holmes, J.) wrote (pp. 259-260):
“ A suit for damages to business caused by a threat to sue under the patent law is not itself a suit under the patent law. And the same is true when the damage is caused by a statement of fact — that the defendant has a patent which is infringed. What makes the defendants ’ act a wrong is its manifest tendency to injure the plaintiff’s business and the wrong is the same whatever *173 the means by which it is accomplished. But whether it is a wrong or not depends upon the law of the State where the act is done, not upon the patent law, and therefore the suit arises under the law of the State. A suit arises under the law that creates the cause of action. The fact that the justification may involve the validity and infringement of a patent is no more material to the question under what law the suit is brought than it would be in an action of contract.” (Emphasis supplied.)
Even more to the point is Koratron Co. v. Deering Milliken, Inc. (418 F. 2d 1314, supra), in which the plaintiff, just as American Harley herein, sued for wrongful interference with contract. In that case, the court, after noting that the Supreme Court has consistently held that such an action was not “ one ‘ arising under ’ the patent laws * * * despite the fact that * * * the scope or the validity of a patent, or both, was directly in issue ” (pp. 1316-1317), went on to say (p. 1317):
“According to these [Supreme Court] decisions, characterization of the action as a patent or nonpatent suit within the meaning of section 1338(a) turns on the form in which the plaintiff has chosen to cast his complaint: ‘ * * * Jurisdiction generally depends upon the case made and relief demanded by the plaintiff * * *.' [Cases cited.]
* * *
‘ ‘ Interference with contract and interference with prospective economic advantage are state causes of action. When the subject matter of the contract interfered with is a patent * * * questions of patent law will often arise in the controversy. But that fact does not make the action one arising under the patent laws.” (Emphasis supplied.)
Moreover, as we have already indicated, it is clear that ‘ ‘ the state court can, where it becomes necessary for it to do so in order to decide the case before it, pass upon the meaning, the scope, the validity, or the infringement of the patent.” (Lear Siegler, Inc. v. Adkins, 330 F. 2d 595, 600 [emphasis supplied]; see, also, Lear, Inc. v. Adkins, 395 U. S. 653; American Well *174 Works v. Layne, 241 U. S. 257, 260, supra; Pratt v. Paris Gas Light & Coke Co., 168 U. S. 255, 259.) The key, as our court has pointed out (New Era Elec. Range Co. v. Serrell, 252 N. Y. 107, 112, supra), is the distinction between ‘ ‘ questions ’ ’ arising under the patent laws and ‘ ‘ cases ’ ’ arising under those laws. The State court is precluded from entertaining the action only in the latter instance.
It is only necessary to add, in view of other arguments advanced by the appellant, that, since it neither alleged the invalidity of the patent in its pleading nor offered any proof of such invalidity at the trial, we are not called upon to discuss questions which might have arisen had the patent been challenged.
In sum, then, the trial court had unquestioned jurisdiction to entertain the present action for tortious interference with contract and, since the jury’s verdict is amply supported by the evidence, there must be an affirmance.
The order appealed from should be affirmed, with costs.

. Since the patent was not challenged by the defendant, and is, therefore, “ presumed valid ” (U. S. Code, tit. 35, § 282), the merits of the defense based upon Sears and Compco are not before us and need not be discussed. However, we note, in passing, that it is not at all clear — contrary to statements in the concurring opinion (p. 178) — that the alleged invalidity of the patent would defeat the plaintiff’s action in whole or in part under the doctrine of those eases. (See, e.g., Koratron Co. v. Deering Milliken, Inc., 418 F. 2d 1314, 1318, cert. den. 398 U. S. 909. Cf. Water Servs. v. Tesco Chems., 410 F. 2d 163, 171—172, and Servo Corp. of Amer. v. General Elec. Co., 337 F. 2d 716, 725, dealing with trade secrets.)

. Federal jurisdiction over copyright actions is governed by the same statute as governs patent actions (U. S. Code, tit. 28, § 1338, subd. [a]).