CHAPMAN PERFORMANCE PRODUCTS, INC. *et al.*, Plaintiffs-Appellees, *v.* PRODUCERS SALES, INC. *et al.*, Defendants-Appellants.

(No. 58880;

First District (4th Division)—October 17, 1973.

*Rehearing denied January 9, 1974.*

BURMAN, P. J., dissenting.

Halfpenny, Hahn & Roche, of Chicago, for appellants.

Maurice L. Cowen and Alexander P. White, Jr., both of Chicago, for appellees.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal by the defendants, Producers Sales, Inc., an Illinois corporation, Louis F. Guenther and Charles P. Barcik and C.F.C. Enterprises, from an order of the Circuit Court of Cook County denying a motion to dissolve a temporary injunction enjoining them from using the name "Kar-Lok" and from manufacturing and distributing or selling an anti-theft device bearing the trade name "Kar-Lok" and from violating or using the specifications under United States Patent No. 3,538,725.

The plaintiffs are Chapman Performance Products, Inc., an Illinois corporation, David F. Arlasky and Joyce Arlasky.

· The issue for review is whether the complaint states a cause of action for patent infringement which is in the exclusive jurisdiction of the United States District Court.

The defendants assigned their interest in patent No. 3,538,725 to the plaintiffs, and on January 29, 1973, the plaintiffs filed a verified complaint alleging the defendants breached and violated that assignment by manufacturing, distributing, and selling a certain anti-theft device, thereby usurping their rights. The complaint sought relief by way of an accounting, $200,000 damages, and a temporary restraining order or temporary injunction.

On March 14, 1973, defendants presented a motion to strike plaintiffs' complaint on the grounds the complaint stated a cause of action for patent infringement, which is in the exclusive jurisdiction of the United States District Court. This motion was denied. On March 30, 1973, defendants presented a motion to dissolve the temporary injunction granted by the court. This motion was denied, and the defendants appeal from that order.

The defendants contend jurisdiction lies in the United States District Court because the cause of action brought by the plaintiffs cannot be decided without reference to federal patent laws. Sections 1338 (a) and (b) of Chapter 28 of the United States Code provide:

"(a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, copyrights and trade-marks. Such jurisdiction shall be exclusive of the courts of the states in patent and copyright cases.

(b) The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright or trade-mark laws."

The plaintiffs maintain the patent matters are not substantial and are "incidental to the overriding issue of unfair competition and deceptive

trade practices on the part of the defendants," and that the injunction is only concerned with the use of the name "Kar-Lok." However, the injunction is broader than merely prohibiting the use of the name. The Petition for Temporary Injunction contains the following language:

> "9. That all the defendants herein be restrained and enjoined from using in any manner or form the name Kar-Lok and restrained and enjoined from manufacturing and selling the product Kar-Lok and also restrained and enjoined from using and violating upon the rights granted to Chapman Performance Products, Inc. by said Patent No. 3,538,725 * * *."

The order of the court states the defendants are enjoined and restrained from "manufacturing, distributing or selling in any manner an anti-theft automobile device bearing the trade name Kar-Lok," and "from violating or using the specifications in substance of those existent under United States Patent No. 3,538,725 until further order of this Court."

■■ Thus, it appears that the temporary injunction does not merely proscribe unfair competition, but extends to preventing the use of the "specifications in substance of those existent" under the patent in question. In the case of *Ideal Toy Corp. v. Newman Premier Corp.*, 129 U.S.P.Q. 437, the court stated:

> "There is no question that the state court has no jurisdiction if the main purpose of the action, whatever its form, is to establish a patent, or to enjoin its infringement or to recover damages therefor."

■■ Whether or not the device manufactured and marketed by the defendants is in conflict with the patent assigned to the plaintiffs cannot be determined under state unfair competition laws without encroaching on the federal patent laws. In the case of *Sears Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225, the United States Supreme Court stated:

> "To allow a state by use of its law of unfair competition to prevent the copying of an article which represents too slight an advance to be patented would be to permit the State to block off from the public something which federal law has said belongs to the public. The result would be that while federal law grants only 14 or 17 years protection to genuine inventions, see 35 USC § 154, 173, States could allow perpetual protection to articles too lacking in novelty to merit any patent at all under federal constitutional standards. This would be too great an encroachment on the federal patent system to be tolerated."

■■ We hold there is a substantial and related claim under federal law and the United States District Court has exclusive jurisdiction. There

will be no prejudice to the plaintiffs inasmuch as their claims relating to alleged unfair competition can properly be combined with the claim for patent infringement in the District Court, as provided for in 28 USC 1338(b).

For these reasons the order of the Circuit Court of Cook County is reversed.

Reversed.

ADESKO, J., concurs.

Mr. PRESIDING JUSTICE BURMAN dissenting:

I would affirm the decision of the trial court. In my opinion the complaint rests principally upon two theories: common law unfair competition and a violation of the Uniform Deceptive Trade Practices Act (Ill. Rev. Stat. 1969, ch. 121½, par. 311 *et seq.*) If any question of patent infringement is raised it is incidental to the primary questions presented by the case.

Our courts have recognized the tort of unfair competition. It exists if the adoption and use of a name by the defendant is likely to cause confusion in the trade as to the source of products or is likely to lead the public to believe that the defendant is in some way connected with the plaintiff. 34 I.L.P. *Trade-Marks, Trade-Names, and Unfair Competition,* § 8 (1958); *Lady Esther Ltd. v. Lady Esther Corset Shoppe Inc.* (1943), 317 Ill.App. 451, 46 N.E.2d 165.

In counts eight, nine, ten and eleven of the original complaint the plaintiffs alleged in essence that the defendants were manufacturing and selling a hood locking device under the name "Kar-Lok", that the name Kar-Lok had become associated in the trade with the locking devices manufactured by the plaintiffs under United States Patent number 3,538,725, and that the business and good will established by the plaintiffs was injured as a result of the introduction of the defendants' product into the plaintiffs' sales area. Count eleven specifically alleged lost profits as a result of the defendants' wrongful acts. The substance of these counts exceeds what would be necessary to plead a cause of action for patent infringement and has every appearance of an attempt to state a cause of action based upon unfair competition.

The Uniform Deceptive Trade Practices Act (Ill. Rev. Stat. 1969, ch. 121½, par. 312) provides that:

"A person engages in a deceptive trade practice when, in the course of his business, vocation or occupation, he:

(1) passes off goods or services as those of another [or]

(2) causes likelihood of confusion or of misunderstanding as

to the source, sponsorship, approval or certification of goods or services[.]

\* \* \*

This Section does not affect unfair trade practices otherwise actionable at common law or under other statutes of this State."

In counts eight through eleven of the original complaint the plaintiffs alleged in effect that the defendants were passing off their hood locking device as that of the plaintiffs, that this passing off created confusion among potential customers and that the plaintiffs' profits were diminished as a result. Thus it seems clear that these counts were aimed at establishing a cause of action under paragraph 312 as well as that arising under common law.

It may be that an ultimate determination of the issues raised by these two causes of action will necessitate a determination of whether the defendants are guilty of patent infringement. However, such a determination is permissible in a state court and does not defeat jurisdiction. *Pratt v. Paris Gas Light & Coke Co.* (1897), 168 U.S. 255; *American Harley Corp. v. Irvin Industries, Inc.* (1970), 27 N.Y.2d 168, 263 N.E.2d 552.

As the foregoing indicates, I believe that the plaintiffs' action is cognizable in our courts. The temporary injunction enjoining the defendants from using the name Kar-Lok and from manufacturing, distributing or selling an anti-theft device embodying the specifications contained in the plaintiffs' patent should be affirmed and the trial court should be allowed to determine the cause on its merits. In holding as it has, the majority has abrogated a common law cause of action to which the plaintiffs are entitled and has limited unnecessarily the scope of the remedies provided for by the legislature in the Uniform Deceptive Trade Practices Act.

Another likely result of the majority's decision is that the plaintiffs will be deprived of any forum in which to assert their claims. The record reveals that the plaintiffs and defendants are citizens of Illinois. Therefore if the plaintiffs are to press their claims in the federal courts, as the majority suggests, the only possible ground for jurisdiction will be that the action arises under an act of Congress relating to patents. (See 28 U.S.C. § 1338(a).) Since it is arguable at best that the present case involves as an integral part the plaintiffs' patent or the patent laws of the United States, the federal courts may well decline jurisdiction, leaving the plaintiffs with no opportunity to obtain relief from what appears to be a substantially injurious situation.