**LEAR SIEGLER, INC., Plaintiff,**

v.

**SARGENT INDUSTRIES, INC., Defendant.**

Superior Court of Delaware, New Castle.

Submitted April 22, 1977.

Decided May 13, 1977.

Edward B. Maxwell, 2nd of Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiff. Ernie L. Brooks and Paul J. Reising of Reising, Ethington, Barnard, Perry & Brooks, Southfield, Mich., of counsel.

William Prickett, of Prickett, Ward, Burt & Sanders, Wilmington, for defendant.

BIFFERATO, Judge.

On October 21, 1976, Lear Siegler, Inc. ("Lear Siegler") filed suit against Sargent Industries, Inc. ("Sargent") in this Court for breach of contract and for royalties allegedly due on a License Agreement between the two companies. Thereafter, Sargent filed a declaratory judgment action against Lear Siegler in the United States District Court for the Central District of California on November 9, 1976.

Both parties are Delaware corporations with corporate offices in California and each is involved in the manufacture of bearings and in the bearing liner field. On January 28, 1970, a License Agreement was entered into whereby Lear Siegler granted Sargent a license under a 1959 patent for a particular type of bearing developed by one Charles S. White. Disputes later developed over whether this patent (No. 2,885,248) was being infringed or was valid. As a result of the dispute, Sargent unilaterally reduced its royalty payments.

In this action, Sargent has filed a motion to dismiss on the basis of *forum non conveniens* or, in the alternative, for a stay in these proceedings. The factors that must be considered in determining whether to stay an action or dismiss it are basically the same and are well established in Delaware. These are:

a) Applicability of Delaware law;

b) Relative ease of access to proof;

c) Availability of compulsory process for witnesses;

d) The pendency or nonpendency of a similar action or actions in another jurisdiction, and

e) All other practical considerations which would make the trial easy, expeditious and inexpensive.

*General Foods Corporation v. Cryo-Maid, Inc.*, Del.Supr., 41 Del.Ch. 474, 198 A.2d 681 (1964); *Life Assurance Company of Pennsylvania v. Associated Investors International Corp.*, Del.Ch., 312 A.2d 337 (1973).

In this action, Delaware law will have no application since the License Agreement was agreed upon in California. The law of that state will apply to any contract questions. There is no evidence located in Delaware as all of Sargent's pertinent records are housed in California. Further, many of the potential witnesses reside in California and none reside in Delaware.

However, prior to a decision, this Court determined that the resolution of the issue of jurisdiction between the two courts involved could very well be dispositive of the motion rather than the *forum non conveniens* questions. Both parties have now briefed the point raised by the Court and the remainder of this Opinion will deal with that issue.

Initially, it is important to observe that there are two avenues by which the Federal District Court in California could acquire jurisdiction over this matter. The first is diversity jurisdiction under 28 *U.S.C.* § 1332. Subsection (c) of that provision states that a corporation "shall be deemed a citizen of any State by which it has been incorporated." As both parties to this litigation are Delaware corporations, no diversity jurisdiction exists.

The other jurisdictional statute relevant to this case is 28 *U.S.C.* § 1338(a) which reads:

"The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, copyrights and trade-marks. Such jurisdiction shall be exclusive of the courts of the states in patent and copyright cases."

The primary issues which present themselves are whether this case is one "arising under" the patent laws and whether a state has jurisdiction over cases where patent questions are involved.

**A.**

It must first be determined what the phrase "civil action arising under" means as used in 28 *U.S.C.* § 1338(a). An early United States Supreme Court case stated that:

"There is a clear distinction between a case and a question arising under the patent laws. The former arises when the plaintiff in his opening pleading—be it a bill, complaint or declaration—sets up a right under the patent law as ground for a recovery. Of such the state courts have no jurisdiction. The latter may appear in the plea or answer or in the testimony. The determination of such question is not beyond the competence of the state tribunals." *Pratt v. Paris Gas Light & Coke Co.*, 168 U.S. 255, 259, 18 S.Ct. 62, 64, 42 L.Ed. 458 (1897).

In the instant case, plaintiff has set up a right of recovery based upon its License Agreement with defendant rather than grounding its right on the patent law. There is a line of support for the proposition that plaintiff's pleading is controlling for jurisdictional purposes. It was held in *American Well Works Company v. Layne & Bowler Co.*, 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987 (1916) that a tort cause of action did not arise under the patent laws even though the validity and infringement of a patent might be involved. See also, *Bailey v. Logan Square Typographers, Inc.*, 441 F.2d 47 (7th Cir. 1971). Similarly, it was held in *Luckett v. Delpark, Inc.*, 270 U.S. 496, 510, 46 S.Ct. 397, 402, 70 L.Ed. 703 (1926) that:

"[W]here a patentee complainant makes his suit one for recovery of royalties under a contract of license or assignment, or for damages for a breach of its cove-

nants, or for a specific performance thereof . . . he does not give the federal district court jurisdiction of the cause as one arising under the patent laws."

Accord, *Koratron Company v. Deering Milliken, Inc.*, 418 F.2d 1314 (9th Cir. 1969).*

■ Lending further credence to the concept that the complaint controls the action, the Supreme Court in *Public Service Commission of Utah v. Wycoff Co.*, 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952) held that:

"Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court."

■ Defendant Sargent argues that this Court need not reach the question of whether this is a contract action or a patent action. Instead, Sargent would have the Court exercise its discretion and follow the principles of *forum non conveniens*. This simplistic approach misses the mark. The very real possibility exists that the District Court in California either has no jurisdiction or, if it does, that the court will decline to exercise its power. The California District Court should be bound by the Ninth Circuit decision of *Koratron Company v. Deering Milliken, Inc.*, supra, and *Lear Siegler, Inc. v. Adkins*, 330 F.2d 595 (9th Cir. 1964) both of which adhere to the previously discussed principles. *Koratron* specifically held that because the plaintiff set out a common law action in its pleadings, the case did not arise under the patent laws. Likewise, in the present suit, Lear Siegler has filed a contract action without mention of patent infringement. This Court holds, therefore, that this is not a case which "arises under any Act of Congress relating to patents" which would vest exclusive jurisdiction in the federal courts under 28 U.S.C. § 1338(a).

B.

Since the federal courts should decline jurisdiction, the natural result is that state courts must have the power to deal with the types of cases such as this one. This fact is supported by the case law.

A case with very similar facts to this case is *Product Engineering and Manufacturing, Inc. v. Barnes*, 424 F.2d 42 (10th Cir. 1970). Barnes filed suit in a state court to enforce a patent licensing agreement and to collect royalty payments which were allegedly due from Product Engineering. Shortly thereafter, Product Engineering filed a declaratory judgment action in the district court asserting that the patent was invalid and denying infringement. The state court stayed its proceedings until the federal court made a final disposition. However, the federal court dismissed the declaratory judgment action because it found that the suit was a contract action with appropriate jurisdiction vested in the state court. On appeal, the Tenth Circuit Court of Appeals affirmed the dismissal on the grounds that the issues raised by Product Engineering in the declaratory judgment action were merely defenses to the state court contract suit. It was further held that a state court may properly entertain contract actions which are based upon patent license agreements.

■ In our own circuit, *Thiokol Chemical Corp. v. Burlington Industries, Inc.*, 448 F.2d 1328 (3rd Cir. 1971), *cert. denied* 404 U.S. 1019, 92 S.Ct. 684, 30 L.Ed.2d 668 (1972), held that the district court should stay its hand pending action in the state court in a similar case. *Lear, Incorporated v. Adkins*, 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969) stated that state courts may determine the validity of a patent in ruling on an action for breach of a licensing agreement. Accord, *American Well Works Company v. Layne & Bowler Co.*, supra; *Luckett v. Delpark, Inc.*, supra; *Kysor Industrial Corporation v. Pet, Incorporated*, 459 F.2d 1010 (6th Cir. 1972); *Milton Roy Co. v. Bausch & Lomb, Inc.*, 418 F.Supp. 975 (D.Del.1976); *Diematic Manufacturing Corp. v. Packaging Industries, Inc.*, 381

* Jurisdiction was retained in the District Court as there was diversity under 28 U.S.C. § 1332.

F.Supp. 1057 (S.D.N.Y.1974); *American Harley Corp. v. Irvin Industries, Inc.*, 27 N.Y.2d 168, 315 N.Y.S.2d 129, 263 N.E.2d 552 (1970), *cert. denied* 401 U.S. 976, 91 S.Ct. 1197, 28 L.Ed.2d 325 (1971).

Thus, it is clear that a state court has the power to retain jurisdiction over contract cases which may ultimately involve questions of patent validity.

### C.

■ The purpose of the Declaratory Judgment Act is to avoid the accrual of unnecessary damages to a party unsure of his rights and to "afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage has accrued." *Channel Master Corp. v. JFD Electronics Corp.*, 263 F.Supp. 7 (E.D. N.Y.1967).

■ In the instant case, the patents in question are expired and defendant's potential liability is fixed. Thus, there is no necessity for a declaratory judgment. Defendant's argument that this Court should not hear the case because of the potential technical complexities involved is unpersuasive. This case should not present any difficulties too great for adequate disposition with the aid of expert testimony. Although appealing, the principles of *forum non conveniens* are not applicable to this case in light of the compelling jurisdictional considerations. Accordingly, the motion to stay or dismiss is DENIED.

IT IS SO ORDERED.