ROGER LEE HEATH, Plaintiff-Appellant, *v.* ELIAS R. ZENKICH *et al.*,
Defendants-Appellees.

First District (1st Division)  No. 81-82

Opinion filed May 3, 1982.—Rehearing denied July 12, 1982.

Gomer W. Walters, of Haight, Hofeldt, Davis & Jambor, of Chicago, for appellant.

Richard S. Phillips, James P. Zeller, and Jean M. Dudek, all of Wegner, Stellman, McCord, Wood & Dalton, of Chicago, for appellees.

· PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff appeals from an order of the circuit court of Cook County which dismissed his complaint. Plaintiff sought equitable and declaratory relief in this action in which plaintiff claimed that he was the inventor and owner of two medical devices for which defendants had filed applications for letters patent with the United States Patent and Trademark Office. On appeal, plaintiff raises two issues: (1) whether the State courts have jurisdiction to determine title to inventions and patent applications; and (2) whether a request for an order compelling defendants to inform the Patent and Trademark Office of the factual findings of the circuit court relating to inventorship constitutes a claim upon which relief may be granted.

According to plaintiff's complaint, defendant Elias R. Zenkich was the sole owner of defendant Zenex Corporation and its related companies, Zenco Engineering Corporation and Medizenco, U.S.A., Ltd. Plaintiff, as an independent contractor, agreed to repair and service various medical equipment for which Medizenco was a distributor. Plaintiff was paid a commission for the work which he performed and from this commission he paid to Medizenco his rental and overhead expenses. Plaintiff later agreed to sell the products which Medizenco distributed. Subsequently, the operations of Medizenco were transferred to Zenex and plaintiff continued to sell, repair and service the equipment as he had done for Medizenco. Plaintiff claims that his sole agreement with Medizenco and Zenex involved the repair, maintenance and sale of the companies' equipment and that plaintiff was not employed by the two companies for the purpose of making inventions or discoveries. Plaintiff claims that there was no agreement with either of the two companies concerning any inventions or discoveries which he might make.

During the time that he was providing repair and maintenance service for Zenex, plaintiff developed two inventions. The first involved an improved grounding pad for use during electrosurgical procedures (Bi-Pad). Plaintiff's second invention involved a system to permit defibrillation of a patient during physiological monitoring by using one pair of pre-applied and preconnected electrodes for both defibrillation and physiological monitoring (Bi-Pak 2). Plaintiff had prepared sketches and written descriptions for the two inventions and had assembled a model of the Bi-Pak 2. Plaintiff claims that he inquired whether defendant Zenkich was interested in either of plaintiff's two inventions in exchange for appropriate remuneration. Zenkich and plaintiff refined the Bi-Pak 2 and

assembled a model of the Bi-Pak. This work was performed at Zenex after regular working hours. Both of these devices subsequently were manufactured and sold by Zenex.

Plaintiff was requested by Zenkich to assist a patent attorney in the preparation of patent applications for both devices. Plaintiff alleged that he did not file patent applications in his name because he believed that the applications on which he assisted the attorney were being filed in his name. The devices had been on sale for more than one year at the time that plaintiff first learned that the patent applications had been filed in defendant's name. Therefore, plaintiff was barred from filing applications for letters patent in his name pursuant to 35 U.S.C. sec. 102(b) (1976). Plaintiff subsequently requested Zenkich to file an affidavit with the Patent and Trademark Office to correct the name of the inventor on the applications. Zenkich refused and informed plaintiff that Zenkich believed himself to be the inventor of the two devices.

Plaintiff subsequently filed his complaint in the circuit court of Cook County seeking equitable and declaratory relief. Count I sought an order compelling Zenkich "to file appropriate documentation in the United States Patent and Trademark Office setting forth the facts regarding inventorship, as found by [the circuit court]" for the Bi-Pad device. Count II sought a similar order for the Bi-Pak 2 device. Count III sought a declaratory judgment that plaintiff was either the sole inventor or a joint inventor of the two devices and also sought a declaration as to plaintiff's ownership rights in the two patent applications, the inventions and the patents which may issue. Count IV sought an order compelling Zenex and Zenkich to execute documentation necessary to vest in plaintiff the ownership rights to the inventions, patent applications and the patents which may issue. Defendants moved to dismiss the complaint for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction pursuant to sections 45 and 48, respectively, of the Illinois Civil Practice Act. (Ill. Rev. Stat. 1979, ch. 110, pars. 45, 48.) The circuit court dismissed counts I and II pursuant to section 45, count III pursuant to sections 45 and 48 and count IV pursuant to section 48.

Plaintiff first argues that unless the circuit court exercises jurisdiction in this matter, he will be deprived of a forum to have his claim to the titles of the two inventions heard. Plaintiff contends that Federal courts do not have jurisdiction to hear cases in which title to inventions is at issue. (See *Laning v. National Ribbon & Carbon Paper Manufacturing Co.* (7th Cir. 1942), 125 F.2d 565; *Lion Manufacturing Corp. v. Chicago Flexible Shaft Co.* (7th Cir. 1939), 106 F.2d 930.) Plaintiff argues that in the instant case, the questions relating to Federal patent law are collateral issues and that jurisdiction exists in the State courts to hear this matter. (See *Jones v. Ulrich* (1950), 342 Ill. App. 16, 95 N.E.2d 113.) Plaintiff urges that at issue

in this case is his common law right to make, use and sell his inventions and to exercise other rights accruing to him through ownership of the inventions and that these rights do not depend upon Federal patent law. (See *Crown Die & Tool Co. v. Nye Tool & Machine Works* (1923), 261 U.S. 24, 67 L. Ed. 516, 43 S. Ct. 254.) Plaintiff claims that it is State law which protects his common law rights to his inventions. See *Aronson v. Quick Point Pencil Co.* (1979), 440 U.S. 257, 59 L. Ed. 2d 296, 99 S. Ct. 1096; *Kewanee Oil Co. v. Bicron Corp.* (1974), 416 U.S. 470, 40 L. Ed. 2d 315, 94 S. Ct. 1879.

Defendants argue that at issue in this case is the validity of federally created interests in the applications for letters patent and that, therefore, this matter falls within the exclusive and original jurisdiction of Federal district court pursuant to 28 U.S.C. sec. 1338(a). Defendants urge that plaintiff's pleading establishes that a "case," rather than a "question," involving Federal patent law exists and that the proper forum for plaintiff's claim is the Federal district court. (See *Pratt v. Paris Gaslight & Coke Co.* (1897), 168 U.S. 255, 42 L. Ed. 458, 18 S. Ct. 62.) Defendants contend that plaintiff's sole basis for claiming ownership of the two devices is that he was the inventor and that where a cause of action is based solely upon inventorship, exclusive jurisdiction rests in the Federal courts. (See *Forster v. Brown Hoisting Machinery Co.* (1914), 266 Ill. 287, 107 N.E. 588.) Defendants argue that in the instant case the validity of any patents that may issue is at stake and that, because of this, the State courts lack jurisdiction to hear plaintiff's claim.

■■■ Pursuant to 28 U.S.C. sec. 1338(a) (1976), the Federal district courts have exclusive and original jurisdiction of causes of action arising under the patent laws. "To constitute such a cause the plaintiff must set up some right, title, or interest under the patent laws, or at least make it appear that some right or privilege will be defeated by one construction, or sustained by the opposite construction, of these laws." (*Pratt v. Paris Gaslight & Coke Co.* (1897), 168 U.S. 255, 259, 42 L. Ed. 458, 460, 18 S. Ct. 62, 64.) This section, however, does not deprive State courts of exercising jurisdiction in cases where a "question" involving Federal patent law arises; rather, it precludes State courts from assuming jurisdiction only in "cases" involving Federal patent law. (*Pratt v. Paris Gaslight & Coke Co.*; see *Burke v. Pittway Corp.* (1978), 63 Ill. App. 3d 354, 380 N.E.2d 1, *cert. denied* (1979), 441 U.S. 908, 60 L. Ed. 2d 377, 99 S. Ct. 2000.) The test to be applied in determining whether a cause of action arises under State law or Federal patent law was set forth in *American Well Works Co. v. Layne & Bowler Co.* (1916), 241 U.S. 257, 260, 60 L. Ed. 987, 989, 36 S. Ct. 585, 586: "A suit arises under the law that creates the cause of action." Thus, we must determine whether plaintiff's claim arises under State law or Federal patent law.

In support for his contention that Illinois courts have jurisdiction of actions involving the title to patents, plaintiff cites two Seventh Circuit cases. In *Lion Manufacturing Corp. v. Chicago Flexible Shaft Co.* (7th Cir. 1939), 106 F.2d 930, plaintiff claimed equitable title to a patent for an electric shaver invented by defendant Brueker while he was employed by plaintiff. Brueker subsequently worked for defendant Chicago Flexible Shaft Co., who began to manufacture and sell the electric shaver embodied in the patent held by Brueker. Plaintiff claimed that it was the equitable owner of the patent by virtue of Brueker's work on the invention while he was employed by plaintiff. The court determined that plaintiff's complaint sought an order compelling the assignment of legal title to the invention and that plaintiff's prayer for injunctive relief and an accounting depended upon a determination of the title issue. The court concluded that this cause of action arose under State law, rather than Federal patent law, and that the district court properly refused to exercise jurisdiction. In *Laning v. National Ribbon & Carbon Paper Manufacturing Co.* (N.D. Ill. 1941), 40 F. Supp. 1005, *rev'd* (7th Cir. 1942), 125 F.2d 565, plaintiff sought a declaratory judgment to determine title to certain patents and trademarks and for infringement. Plaintiff claimed his title from an Illinois corporation which had been dissolved prior to the assignment of title to plaintiff. The district court viewed the issue as being whether the corporation was still alive for purposes of winding up its affairs and concluded that it was not in existence. Accordingly, the district court held that the assignment of title to plaintiff was a nullity and dismissed the action. On appeal, the Seventh Circuit held that the gravamen of plaintiff's complaint was one for a determination of title and that Federal jurisdiction was improperly exerted because the question of plaintiff's title was dependent upon the construction of Illinois law.

In both of the foregoing cases, plaintiff's claim for relief depended upon the interpretation of State law. In the instant case, we view plaintiff's claim to be one for the determination of his rights which inure to him by virtue of his claimed inventorship and, accordingly, jurisdiction properly rests in the State courts. (See *Lion Manufacturing Corp. v. Chicago Flexible Shaft Co.*; *Laning v. National Ribbon & Carbon Paper Co.*) We note that plaintiff does not seek to void any patents which may issue, nor has plaintiff sought to enjoin defendants from utilizing the two inventions. Plaintiff merely is seeking a determination by the State courts of his ownership interests in the two inventions, and we view this type of action to arise independent of Federal patent law. (See *Zemba v. Rodgers* (1965), 87 N.J. Super. 518, 210 A.2d 95.) Defendants argue that the effect of a favorable decision for plaintiff in the State courts would be to invalidate any patents which may issue; however, a favorable decision for plaintiff would not invalidate any patents which may issue since there is a

difference between establishing the fact of inventorship and giving it effect by judgment. (*Becher v. Contoure Laboratories, Inc.* (1929), 279 U.S. 388, 391, 73 L. Ed. 752, 754, 49 S. Ct. 356, 357.) A decree which will void any patent which may issue is a matter for the courts of the United States and, absent such a decree, there is no procedure to void or cancel any patents which may issue to defendants. (See *Becher v. Contoure Laboratories, Inc.*; *Eckert v. Braun* (7th Cir. 1946), 155 F.2d 517.) Therefore, the effect of a determination of the parties' rights by an Illinois court will not serve to invalidate any patents which may issue. Accordingly, we hold that the circuit court improperly declined to exercise jurisdiction over counts III and IV of plaintiff's complaint.

■■ As to the trial court's dismissal of counts I, II and III for failure to state a claim upon which relief may be granted, we believe that count III stated a claim and was a proper subject for declaratory judgment. Counts I and II seek remedies for the claimed violation of plaintiff's ownership rights in the two inventions. Under the circumstances of this case, we do not believe that it was proper to dismiss these two counts and believe that if plaintiff prevails, the trial court should have latitude in fashioning an appropriate remedy.

Accordingly, this case is reversed and remanded to the circuit court of Cook County for further proceedings which are consistent with this opinion.

Judgment reversed and remanded.

GOLDBERG and O'CONNOR, JJ., concur.