Brian and Irma FLOOD,
et al., Plaintiffs,

v.

CELIN JEWELRY, INC.,
et al., Defendants.

No. 91–CIV–2491 (LJF).

United States District Court,
S.D. New York.

Oct. 18, 1991.

Richard A. Glovin, New York City, for plaintiffs.

Steven Louros, New York City, for defendant Celin Jewelry, Inc.

Fischman & Fischman by Lon Fischman, New York City, for defendant 243 Fan Corp.

Victor Kovner, Corp. Counsel by Bruce Berger, New York City, for defendant City of New York.

## OPINION AND ORDER

FREEH, District Judge.

On April 11, 1991, defendant Celin Jewelry, Inc. ("Celin") filed a notice removing this case from the Supreme Court of Bronx County, New York to this Court. Plaintiffs Brian and Irma Flood and their minor children (the "Floods") have moved to remand the action back to state court on the grounds that the notice of removal was untimely. For the reasons set forth below, plaintiffs' motion is granted and the case remanded.

## FACTS

On February 7, 1991, the Floods initiated this action in state court by serving a Summons with Notice upon the New York Secretary of State.[1] N.Y.Civ.Prac.R. 305(b). The Notice specifically stated that the action included claims for violations of civil

---

1. The Summons with Notice named as defendants Celin Jewelry, Inc., 243 Fan Corp., the City of New York and John Doe 1, 2, and 3. The City of New York takes no position regarding the removal issue raised here. (Berger and Ng Affs.). Defendant 243 Fan Corp. consented to the removal to federal court and opposes plaintiffs' motion for remand. (Esposito Aff.).

rights under 42 U.S.C. § 1983. (Glovin Aff. Ex. 1).

Upon receipt of the Summons with Notice, the Secretary of State sent a copy of the documents to defendant Celin's listed address. Counsel for Celin filed a notice of appearance on February 23, 1991, and demanded a complaint from the Floods. (Glovin Aff. Ex. 2). A complaint was served on Celin on March 12, 1991, but was not filed. (Glovin Aff. Ex. 3). On April 11, 1991, Celin then filed a notice of removal to this Court. (Glovin Aff. Ex. 4). The Floods now seek to remand the case back to state court, claiming that Celin did not file its notice of removal within the time limit imposed by 28 U.S.C. § 1446(b).

## DISCUSSION

Section 1446(b) provides that a notice of removal in a civil action "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ..." The Floods contend that the "initial pleading" in this case was the Summons with Notice served on the Secretary of State on February 7, 1991. According to the Floods, Celin missed the thirty-day statutory deadline when it waited until April 9, 1991 to file its notice of removal. (Glovin Aff. ¶ 6).

 In response, Celin argues that because the Summons with Notice failed adequately to apprise Celin of the basis for federal jurisdiction, it should not be considered the "initial pleading" under § 1446(b). Rather, Celin claims that the thirty-day removal period should run from the date the complaint was served—March 12, 1991. In making this argument, Celin focuses on the Notice's failure to include a statement regarding the amount in controversy as to each defendant. (Opposition at 5–6). However, as the Notice clearly indicates, federal court jurisdiction over this case would arise because a question of federal law is raised, not because the parties are citizens of different states. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332 does not

apply here, and the Notice is not deficient for not having discussed it.

 In any event, courts in this district have previously held that a summons with notice served in accordance with N.Y.Civ.Prac.R. 305(b) qualifies as an "initial pleading" under § 1446(b). *See Universal Motors Group v. Wilkerson*, 674 F.Supp. 1108, 1113 (S.D.N.Y.1987) (New York summons with notice presents "more than sufficient" information on its face to allow defendants "intelligently to ascertain removability"). Because Celin did not file its notice of removal until well after the thirty-day period had expired, its notice was untimely and ineffective, and the case must be remanded to the Supreme Court for Bronx County, New York.

SO ORDERED.