Geoffery **RICHSTONE**, M.D., Plaintiff,

v.

**CHUBB COLONIAL LIFE INSURANCE,**
Defendant.

**No. 97 CIV. 3481(HB).**

United States District Court,
S.D. New York.

Dec. 24, 1997.

Michael B. Newman, Secaucus, NJ, for Plaintiff.

Andrew G. Lipkin, Carb, Luria, Cook & Kufeld, LLP, New York, NY, for Defendant.

### Opinion and Order

BAER, District Judge.

Plaintiff Geoffrey Richstone, M.D. ("Richstone") moves pursuant to 28 U.S.C. § 1447 to remand this action to the Small Claims Part of the Civil Court of the City of New York, where plaintiff had originally instituted this suit. For the reasons set forth below, plaintiff's motion is denied.

### I. Background

Richstone instituted a proceeding in the Small Claims Part of the Civil Court of the City of New York ("Small Claims Court") in about March, 1997 by filing a Notice of Claim, pursuant to 22 N.Y.C.R.R. § 208.41(d) (the "NYCRR Notice"), which defendant Chubb Colonial Life Insurance Company ("Chubb"), received on April 7, 1997. This Notice of Claim simply states that Richstone seeks judgment for $1,535 on an "[a]ction to recover monies arising out of nonpayment for services rendered...." On April 11, 1997 Chubb moved to dismiss this claim in Small Claims Court.

Richstone served his opposition papers to Chubb's motion to dismiss on May 9, 1997, which papers contained the details of Richstone's claim, including a description of the alleged insured, the policy number, and the nature of the health insurance plan that the alleged insured belonged to. Chubb contends that it was only at this point that it was able to determine that the policy Richstone was attempting to collect under, a group health insurance policy insuring a Larry Cohen, fell within the ambit of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). On May 13, 1997, Chubb filed a Notice of Removal, and the action was removed to this court. On June 9, 1997, Richstone filed the instant motion to remand to state court.

### II. Discussion

#### A. The Thirty Day Requirement

Richstone argues that defendant's removal from Small Claims Court under 28 U.S.C. § 1446 was defective because defendant failed to remove within 30 days of defendant's receipt of the NYCRR Notice. Defendant argues that its removal was timely because the NYCRR Notice was inadequate and the federal character of the action was first ascertainable on May 9, 1997 when it received Richstone's opposition papers to its motion to dismiss.

The section, 28 U.S.C. § 1446(b), which governs removal actions, provides that the notice of removal in a civil action shall be filed within 30 days after receipt by the defendant "of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based..." If the initial pleading is insufficient for such a determination, a notice of removal may be filed within 30 days after receipt by defendant of a copy of an amended pleading, motion, order or the paper from which it may be first ascertained that the case is removable. Id.

Whether a case is removable according to the initial pleading depends on whether the initial pleading enables the defendant

to "intelligently ascertain" removability from the face of such pleading, so that in its petition for removal defendant can make a short and plain statement of the facts which entitle it to remove as required in 28 U.S.C. § 1446(a). *Ardison v. Villa*, 248 F.2d 226, 227 (10th Cir.1957); *Figueroa v. Kim*, 813 F.Supp. 267, 268 (S.D.N.Y.1993)(where basis for removability was diversity, and plaintiff's address and the amount in controversy was included in the notice, defendant can "intelligently ascertain" the removability of the action); *Flood v. Celin Jewelry Inc.*, 775 F.Supp. 700 (S.D.N.Y.1991)(where a New York CPLR 305(b) notice specifically indicated that the action was based on 42 U.S.C. § 1983, defendant could "intelligently ascertain" removability of the action).

◼ Plaintiff argues that the NYCRR Notice satisfies these requirements. However, I find that the Notice does not constitute a document that would allow a defendant to "intelligently ascertain" the removability of the action. It states only that it is based on an "[a]ction to recover monies arising out of nonpayment for services rendered. Date of occurrence, 02–23–95." The Notice provides no indication that the action is based on a claim cognizable under ERISA. As the court stated in *Rowe v. Marder*, 750 F.Supp. 718 (W.D.Pa.1990), *aff'd*, 935 F.2d 1282 (3d Cir.1991):

> ...[I]n order to satisfy the notice requirement, 'a defendant must be able to ascertain easily the necessary facts to support his removal petition.' To allow a document with less information to satisfy the statute would require the movant to "guess" as to an actions' removability, thus encouraging premature, and often unwarranted, removal requests.

*Rowe*, 750 F.Supp. at 721 (citations omitted).

◼ Indeed, the Notice here is analogous to a notice found to fail the "intelligently ascertainable" standard by the Eastern District of Pennsylvania. In *Gervel v. L & J Talent*, 805 F.Supp. 308, 308 (E.D.Pa.1992), the writ of summons simply indicated the court involved, the parties to the action, and

stated "You are notified that the Plaintiff[s] ... [have] commenced an action against you." The court held that the writ of summons was not sufficient to trigger the 30 day requirement of 28 U.S.C. § 1446. Similarly, here the NYCRR Notice was insufficient to trigger the 30 day notice requirement. Rather, the 30 day period did not begin to run until May 9th when Richstone filed its papers in opposition to the motion to dismiss. Defendant's notice of removal, filed on May 13th, was therefore timely.

**B. Waiver of Right to Remove**

◼ Richstone also argues that Chubb waived its right to remove to federal court because it filed a motion to dismiss in the state court proceeding. In Chubb's motion to dismiss, it argued that Richstone lacked standing under NYCCA § 1809(a); Chubb alternatively moved for discovery under NYCCA § 1804 to determine the basis of Richstone's claim. A decision to remand based on whether a case has proceeded too far at the state level is left to the sound discretion of the district judge. *Hill v. Citicorp*, 804 F.Supp. 514, 516 (S.D.N.Y.1992). In support of its argument, Richstone relies on *Hill v. Citicorp*, 804 F.Supp. at 516–17, in which the court held that remand was appropriate where defendants' *forum non conveniens* motion in state court had been decided before removal was effected, hardly the situation here. The *Hill* case is inapplicable for another reason—in that case defendant knew from the outset that the action was removable.[1] The grounds raised in Chubb's motion to dismiss in state court do not indicate that Chubb had any reason to know at that point that the action was removable. Accordingly, even though Chubb filed a motion to dismiss in state court, it did not waive its right to remove to federal court, and remand is therefore inappropriate in this case.

**C. Complete Preemption**

◼ Richstone further argues that because ERISA preempts any state law claims relating to the group health insurance plan

---

1. *Scholz v. RDV Sports Inc.*, 821 F.Supp. 1469 (M.D.Fla.1993), cited by the plaintiff, is also inapplicable. There, the defendant filed a motion

to dismiss in state court where, unlike here, it was fully aware that the case was federal in nature.

issued by the defendant, defendant is charged with knowledge of the action's removability from the ·day it received the NYCRR Notice under the doctrine of "complete preemption." Although normally, the presence or absence of a federal question is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only if a federal question is affirmatively and distinctly presented on the face of a plaintiff's complaint, the doctrine of complete preemption provides an exception to this rule. This doctrine provides that where the preemptive force of a statute is so extraordinary, this converts an ordinarily state common law complaint into one stating a federal claim. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987). It is undisputed that this doctrine applies to ERISA claims. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249 (9th Cir. 1989).

 However, here,· unlike in *Metropolitan Life Insurance Company*, the alleged notice-giving instrument did not allow the defendant to determine that the case involved an ERISA plan, and in fact, did not even indicate·that the action was based on an insurance policy of any kind.[2] Defendant admits that while it may have been reasonable to assume an insurance company might be sued in relation to an insurance policy, not all Chubb ·policies are subject to ERISA. There is a "safe harbor" provision that exempts certain of Chubb's policies from ERISA, found at 29 C.F.R. §§ 2510.3–3(b) and (c)(*l*). Accordingly, because the defendant was not aware that it was being sued in relation to a policy that was necessarily federal in nature, the complete pre-emption exception is inapplicable to this case.

### III. *Conclusion*

For the reasons stated·above, plaintiff's motion to remand is denied. The parties

---

**2.** Thus, this case is distinguishable from the cases cited by plaintiff. In *Metropolitan*, the complaint indicated that plaintiffs' action included claims for "immediate reimplementation of all benefits and insurance coverage plaintiff is entitled to." *Metropolitan Life Ins.*, 481 U.S. at 61, 107 S.Ct.

shall appear for a pre-trial conference in this matter to complete a pre-trial scheduling order on January 8, 1998 at 2:45 p.m.

**SO ORDERED.**

---

·at 1545. Similarly, in *Cantrell*, the removal action was instituted well in excess of 30 days after defendant had in its possession documents that conveyed the name of the insured, the policy number and the circumstances that gave rise to the claim. *Cantrell*, 873 F.2d at 1250.